**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

LAKEVIEW LOAN SERVICING, LLC

v. Civil No. 25-cv-00246-PB-TSM

JOHN LEVER AND THE UNITED STATES
OF AMERICA, ON BEHALF OF THE SECRETIRY
OF HOUSING AND URBAN DEVELOMENT

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Lakeview Loan Servicing, LLC moves for default judgment against Defendant John Lever under Federal Rule of Civil Procedure 55(b)(2) to recover the amount due on Lever's unpaid mortgage. Doc. No. 14. For the reasons that follow, the undersigned Magistrate Judge recommends that the District Judge grant default judgment against Lever on the single claim in the Complaint, breach of contract, but not grant the additional relief Lakeview seeks in the motion for default judgment.

## LEGAL STANDARD

After default is entered against a party from "whom a judgment for affirmative relief is sought" and when the relief sought is not a sum certain, the plaintiff must seek default judgment by filing a motion for that purpose. Fed. R. Civ. P. 55(a) & 55(b)(2). "A defaulted party is deemed to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." Universitas Educ., LLC v. Granderson, 98 F.4th 357, 377 (1st Cir. 2024) (internal quotation marks omitted); see also Buccieri v. Vital Emergency Med. Servs., 826 F. Supp. 3d 225, 234 (D. Mass. 2026) (noting that the entry of default deprives a defendant in default of the right to contest the factual allegations of the complaint). For

that reason, the court accepts any well-pleaded facts alleged in the Complaint as true to determine whether the Complaint states a cause of action. Buccieri, 826 F. Supp. 3d at 234-35 (citing Ramos-Falcon v. Autoridad de Energía Eléctrica, 301 F.3rd 1, 2 (1st Cir. 2002).

**BACKGROUND**

In the Complaint, Lakeview alleges that Lever signed a promissory note on April 28, 2023 for $485,601.00 plus interest. Doc. No.1 at ¶ 8. Lakeview provided a copy of the note appended to the Complaint. Doc. No. 1-1 at pg. 2. Lever promised to make monthly payments of $3,312.65 under the note. Id. On the same day, Lever signed a mortgage agreement that secured the note with real property located at 56 Nashua Road, Pelham, New Hampshire. Doc. No. 1 at ¶ 9; Doc. No. 1-1 at pgs. 6-19.[1] CMG Mortgage, the original mortgagee, assigned the note and mortgage to Lakeview on April 11, 2025. Doc. No. 1-1 at pg. 22.

Under the terms of the note, Lever promised to make monthly payments on the first day of each month beginning June 1, 2023. Doc. No. 1-1, at pg. 2. He also promised that if he did not make payments on the due date, he would be in default. Id. at pg. 3. The note provides that if Lever is in default, the note holder may issue a written notice requiring payment of the overdue amount within at least 30 days. Id. If Lever fails to pay the overdue amount within the window provided for in the written notice, the note holder may then demand immediate payment of the full remaining principal and accrued interest. Id.

Lakeview alleges that Lever failed to pay the amounts due under the note and provided a copy of the notice that was mailed to Lever on February 20, 2025, notifying him that he was in

[1] Lakeview also provides the legal description of the property at 56 Nashua Road. Doc. No. 1 at ¶ 9.

default on his mortgage.[2] Doc. No. 1 at ¶ 11; Doc. No. 1-1 at pgs. 25-30. The notice reports the amount of past due mortgage payments as $30,754.10. Id. at pg. 26. Lakeview alleges that as of August 1, 2024, the unpaid amount of the Loan's principal balance was $480,084.27. Doc. No. 1 at ¶ 13. Lakeview filed the Complaint that initiated this action on June 29, 2025, alleging a claim for breach of contract and seeking the amount due under the Loan. Doc. No. 1. Lakeview also accelerated all sums due under the Loan and demanded payment of the full amount due from Lever.[3] Doc. No. 1 at ¶¶ 13 & 16.

---

[2] The notice was sent by ServiceMac, LLC "on behalf of Lakeview Loan Servicing LLC" before the note and mortgage were assigned to Lakeview. Doc. No. 1-1 at pg. 25.

[2] In some places, Lakeview refers to a judicial foreclosure sale as well as a non-judicial foreclosure sale. Doc. No. 14 at ¶¶ 5 & 9. To the extent Lakeview is seeking an order for a judicial foreclosure sale, it failed to properly support that request.

> New Hampshire law provides for two types of foreclosure proceedings pursuant to "a power of sale." RSA 479:22-:25 (2013 & Supp.2015). One allows mortgagees to foreclose without judicial oversight provided that the mortgagee complies with the statute. RSA 479:25 (Supp.2015). The other involves petitioning the court for a judgment of foreclosure. See RSA 479:22-:24 (2013). Under both methods, upon recording of the deed and affidavit, title to the foreclosed premises "shall pass to the purchaser free and clear of all interests and encumbrances which do not have priority over such mortgage." RSA 479:26, III (2013); see Restatement (Third) of Property (Mortgages) § 7.1 cmt. a at 448-49 (1997) (explaining that both "a valid judicial foreclosure" and a "power of sale (nonjudicial) foreclosure" result in the extinguishing of junior interests). This is "a fundamental principle of mortgage law." Restatement (Third) of Property (Mortgages) supra at 448; see Boyack, supra at 286 (observing that "[s]urvivability of a junior lien is unheard of in foreclosure").

New Hampshire Hous. Fin. Auth. v. Pinewood Ests. Condo. Ass'n, 169 N.H. 378, 384 (2016), as modified on denial of reconsideration (Nov. 10, 2016). In addition, under New Hampshire law,

> [P]ower of sale mortgages permit mortgage foreclosure without any court proceedings and "the words 'statutory power of sale' shall be understood as giving the mortgagee and executors, administrators, successors and assigns the right, upon any default of the performance of ... any ... condition contained in the mortgage, to foreclose by sale under the provisions of RSA 479:25–27–a inclusive.

In re Est. of Mills, 167 N.H. 125, 128–29 (2014) (quoting RSA 477:29, III (2013)).

Lever did not appear or otherwise defend in the case. The Clerk of Court entered default against Lever on March 18, 2026. Doc. No. 11.

Although Lakeview named the United States of America, on behalf of the Secretary of Housing and Urban Development ("HUD") as a Defendant, it did so only because HUD claimed an interest in the mortgaged property. Doc. No. 1 at ¶ 15. Lakeview alleged that the HUD interest is subordinate and inferior to Lakeview's interest. Id. Lakeview and HUD entered a consent decree on January 23, 2026 that provides that the United States on behalf of HUD has a Partial Claims Mortgage on the property with a balance of $43,222.10, that the United States does not oppose judgment in favor of Lakeview, and that the Consent Order does not affect the United States's ability to seek collection on the Partial Claims Mortgage. Doc. No. 10.

The court held a damages hearing on the motion on June 10, 2026. Counsel for Lakeview appeared, but Lever did not appear. Counsel did not have an updated amount owed on the mortgage. Instead, she suggested that the court could calculate the amount due based on the interest rate of 7.25% at $95.36 per day. *For the Record Recording*, June 10, 2026, at 11:24:50 am. Lakeview also seeks an award of fees and costs but provides no citation to the note or the mortgage or New Hampshire law to support that request. Doc. No. 1 at ¶ 18.

**DISCUSSION**

Lakeview seeks default judgment on the breach of contract claim in the amount of $566,034.32 as of April 15, 2026, with interest continuing to accrue. Doc. No. 14 ¶ 8(d). Lakeview

---

The mortgage granted by Lever in this case includes a statutory power of sale provision. Doc. No. 1-1 at pgs. 17-18. Lakeview cites N.H. RSA 479:25, the power of sale statute, as the authority to proceed with a foreclosure sale in this case. Doc. No. 14 at pg. 5. Given the legal arguments made and despite references to judicial foreclosure sales, the court construes the Complaint and the motion for default judgment to seek a damages judgment for purposes of later pursuing a non-judicial foreclosure sale.

also alleges that it is entitled to judgment "quantifying the amount chargeable to the Property in respect of the Loan" under "New Hampshire's Code Section 21-1-803" and attorney's fees under the same provision. Doc. No. 1 ¶ ¶ 14 & 18. Section 21-1-803 is not a part of the New Hampshire Revised Statutes Annotated. Instead, it appears that Lakeview is citing a provision of Tennessee law that authorizes judicial foreclosure sales. See Tenn. Code Ann. § 21-1-803. Lakeview provides no explanation as to why Tennessee law would apply in this case where the property is located in New Hampshire and the mortgagor, John Lever, lives in New Hampshire. Therefore, the cited statute does not provide grounds for the relief requested, including attorney's fees.[4]

Under New Hampshire law, "[a] breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract." Audette v. Cummings, 165 N.H. 763, 767 (2013) (citations omitted). Due to the default, Lever has admitted that he promised to make the payments required in the mortgage and that he did not make those payments. For those reasons, Lakeview has demonstrated that Lever breached the terms of the note, which constitutes a breach of contract. Lakeview also demonstrated, and Lever does not dispute, that the amount due as of April 15, 2026, was $566,034.00 with interest continuing to accrue at the rate of 7.25%

## CONCLUSION

For these reasons, the district judge should grant the motion for default judgment (Doc. No. 14) to the extent that judgment should enter against John Lever for breach of contract in the amount of $566,034.32 as of April 15, 2026. The district court should also give Lakeview an

[4] The note and the mortgage appear to provide for an award of attorneys' fees in certain circumstances. See Doc. No. 1-1 at pgs. 2-3, § 6; Id. at pgs. 17-18, § 22. Lakeview, however, did not seek fees under those provisions and also failed to provide any evidence of the fees it may have incurred. Therefore, the court declines to award fees on this basis.

opportunity to provide an updated calculation of the amount due. All other relief requested in the motion for default judgment should be denied. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "are subject to review in the district court," and any issues "not preserved by such objection are precluded on appeal." Id. (internal quotation marks and citations omitted).

SO ORDERED.

Talesha L. Saint-Marc
United States Magistrate Judge

August 20, 2026

cc: John Lever, in default.
Counsel of record.